UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

FILED

2010 AUG -5 P 3: 33

US DISTRICT COURT
RICHMOND, VIRGINIA

JOSEPH N. MARTIN,
and
CAM-RIDER INC. OF VIRGINIA,

PLAINTIFFS,

V.

3:10CV553

RAY STUBBS,
LENNIE HUGHES,
and
CAM-RIDER INC. OF NORTH CAROLINA,

DEFENDANTS.

## COMPLAINT

Plaintiffs, JOSEPH N. MARTIN and CAM-RIDER INC. OF VIRGINIA, pro se parties, do hereby move this honorable Court for Judgment against the defendants, RAY STUBBS, LENNIE HUGHES, and CAM-RIDER INC. OF NORTH CAROLINA, jointly and severally, on the grounds and in the amounts set forth below:

### Parties

1. Plaintiff, JOSEPH N. MARTIN, is a citizen and resident of Richmond, Virginia. Martin was/is a shareholder in CAM VA.

2. Plaintiff, CAM-RIDER INC. OF VIRGINIA, ("CAM VA"), was/is a business entity organized and operating under the laws of the Commonwealth of Virginia and located in Richmond, Virginia.

3. Defendant, RAY STUBBS, is a citizen and resident of Cumberland County, North Carolina. Stubbs serves as the President for CAM NC and is an interested shareholder.

4.  Defendant, LENNIE HUGHES, is a citizen and resident of Pasquotank County, North Carolina. Hughes served as counsel for Russell Hastings, a shareholder of CAM VA and/or CAM VA. Hughes now serves as the registered agent and general counsel for CAM NC and is an interested shareholder.

5.  Defendant, CAM-RIDER INC. OF NORTH CAROLINA, ("CAM NC"), is a business entity organized and operating under the laws of the State of North Carolina and located in Concord, North Carolina.

## Jurisdiction and Venue

6.  This Court has subject matter jurisdiction pursuant 28 U.S.C. § 1332(a). Diversity of Citizenship. The matter in controversy exceeds the sum or value of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

7.  The contract(s) at issue were to be performed and executed in Richmond, Virginia. Venue therefore lies in the United States District Court for the Eastern District of Virginia.

## Statement of Facts

8.  On or about January 13, 2006, Defendant, Stubbs consummated an agreement for purchase of 1/2 of the shares of the total stock in CAM VA belonging to Plaintiff, Martin, for the total amount of One Hundred Thousand Dollars ($100,000.00), payable in two payments of $50,000.00 each, one at the time of purchase and the other according to the terms of a promissory note.

9.  Also on or about January 13, 2006, Hastings, as President of CAM VA, and authorized agent of CAM VA, consummated an agreement for purchase of the

remaining 1/2 of the total shares of stock in CAM VA belonging to Plaintiff, Martin, for the total amount of One Hundred Thousand Dollars ($100,000.00), payable according to the terms of a second promissory note.

10. The consideration offered to and accepted by the Plaintiff, Martin, was in the form of two (2) Promissory Notes, both dated January 13, 2006. (See attached "Exhibit A" and "Exhibit B" respectively).

11. Under the terms of the first Promissory Note executed by Defendant Stubbs, Exhibit A, for the sum of Fifty Thousand Dollars ($50,000.00) to be paid by March, 2006. The note was subsequently amended April 12, 2006 requiring periodic payments totaling Forty-Five Thousand Dollars ($45,000.00), the final payment of which was due on August 14, 2006.

12. To date, Defendant Stubbs has paid Twenty Four Thousand Dollars ($24,000.00) of the total amount due and the balance of Twenty One Thousand Dollars ($21,000.00) remains outstanding.

13. The terms of the second Promissory Note executed by Russell Hastings, Exhibit B, is for a lump sum payment of One Hundred Thousand Dollars ($100,000.00) payable within five (5) months of January 13, 2006.

14. To date, no payment has been rendered to Plaintiff, Martin, and the full balance of One Hundred Thousand Dollars ($100,000.00) remains outstanding.

15. Plaintiffs have repeatedly made demands upon Defendants for the outstanding balance due on said Notes, however, the Defendants have failed and refused to make any payment.

16. On or about February 28, 2006, Defendants Hughes and Stubbs, in an unauthorized act and without shareholder notice, did incorporate CAM NC.

17. On or about this same time, Defendants Hughes, acting as an unauthorized agent of Hastings, and Stubbs, in unauthorized act and without shareholder notice, transferred all of the good and valuable assets of CAM VA to CAM NC, an unaffiliated and unauthorized entity that Hughes and Stubbs were and are majority shareholders.

18. At this same place and time, Defendants Hughes, acting as an unauthorized agent of Hastings, and Stubbs, abandoned operations of CAM VA, without giving notice, without filing Articles of Termination, and without settling liabilities.

19. Defendants Hughes, acting as an unauthorized agent of Hastings, and Stubbs, without regard to the duties owed to CAM VA, did breach the reciprocal duties of loyalty and no self-dealing, acted in bad faith, and violated the business judgment rule, by transferring assets, devaluating CAM VA, and abandoning operations and obligations for personal gain.

## COUNT 1

### Breach of Contract

20. Plaintiffs hereby incorporate paragraphs 1-19 as if completely realleged.

## COUNT 2

### Breach of Fiduciary Duty

21. Plaintiffs hereby incorporate paragraphs 1-20 as if completely realleged.

## COUNT 3

### Fraud in the Inducement

22. Plaintiffs hereby incorporate paragraphs 1-21 as if completely realleged.

## COUNT 4

### Unjust Enrichment and Replevin

23.   Plaintiffs hereby incorporate paragraphs 1-22 as if completely realleged.

## COUNT 5

### Shareholder's Derivative Suit

24.   Plaintiffs hereby incorporate paragraphs 1-23 as if completely realleged.

**WHEREFORE**, Plaintiffs demand judgment against the defendants, jointly and severally, in the sum of ONE HUNDRED TWENTY ONE THOUSAND DOLLARS ($121,000.00) for damages, costs expended in this action, and prejudgment interest from the date of execution, January 13, 2006.

**TRIAL BY JURY IS DEMANDED.**

**RESERVATION OF RIGHTS.**

**Plaintiff hereby reserves the right to amend, correct, modify, and/or supplement this Complaint, the Counts herein, and the parties named herein as may be necessary as information becomes available during the discovery process. This reservation of rights is especially critical in light of the facts regarding the unique nature of the *res* directly at issue and may depend upon declaratory adjudication by this Court.**

*[signature]*
JOSEPH N. MARTIN, Plaintiff

Joseph N. Martin
2639 Towngate Court
Richmond, Virginia 23233
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JOSEPH N. MARTIN,
and
CAM-RIDER INC. OF VIRGINIA,

PLAINTIFFS,

V.

RAY STUBBS,
LENNIE HUGHES,
and
CAM-RIDER INC. OF NORTH CAROLINA,

DEFENDANTS.

<u>Addresses for Service of Process</u>:

Lennie Hughes, Registered Agent
CAM-RIDER INC. OF NORTH CAROLINA
5555 Concord Parkway South, Suit 311
Concord, NC 28027

Lennie Hughes
1514 Crescent Drive
Elizabeth City, NC 27909

Ray Stubbs
CAM-RIDER INC. OF NORTH CAROLINA
5555 Concord Parkway South, Suit 311
Concord, NC 28027

*Joseph N. Martin*
*2639 Towngate CT*
*Rich. VA. 23233*